*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

AFFILIATED DIAGNOSTIC OF OAKLAND LLC,

Plaintiff-Appellant,

v

AUTO CLUB INSURANCE ASSOCIATION,

Defendant-Appellee.

UNPUBLISHED
July 20, 2026
9:41 AM

No. 375692
Wayne Circuit Court
LC No. 23-008895-NF

---

Before: MALDONADO, P.J., and RIORDAN and YOUNG, JJ.

PER CURIAM.

Plaintiff, Affiliated Diagnostic of Oakland, appeals as of right the trial court's September 19, 2024 order granting summary disposition to defendant, Auto Club Insurance Association. In addition to characterizing the order as incoherent and unclear, plaintiff makes two arguments on appeal. First, plaintiff argues that its failure to disclose a related case filed three days before plaintiff filed its complaint was not grounds for dismissal. Second, plaintiff argues that its joinder of three independent claims against defendant under MCR 2.203(B) was likewise not grounds for dismissal. We agree, vacate the trial court's order granting summary disposition in favor of defendant, and remand.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a medical services provider, performed a series of MRIs on three individuals—Mustafa Allosh, Wadia Soulaka, and Abdulwahab Noman—for injuries they received in unrelated car accidents. Allosh was a named insured to a policy issued by defendant, Noman was a listed driver on a policy issued by defendant, and Soulaka was assigned to defendant through the Michigan Automobile Insurance Placement Facility. Plaintiff charged defendant for the MRIs performed on Allosh, Soulaka, and Noman, and defendant paid 195% of the amount payable under Medicare, which was less than the total plaintiff requested.

On July 13, 2023, plaintiff sued defendant, seeking to recover the difference plus attorney fees. Pursuant to MCR 2.113(C)(2)(b),[1] the complaint included the following declaration, signed by plaintiff's counsel:

> Plaintiff is not aware of any civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor is Plaintiff aware of any such action been [sic] previously filed and dismissed or transferred after having been assigned to a judge.

However, a civil action arising out of the same transaction was in fact pending in the trial court. Soulaka had sued defendant for personal injury protection (PIP) benefits three days before, on July 10, 2023. Also, the day after plaintiff filed suit, Allosh sued defendant seeking PIP benefits.

On June 13, 2024, Defendant moved for summary disposition under MCR 2.116(C)(7) (immunity granted by law) and (10) (no genuine issue of material fact), arguing that, under MCL 500.3157(2), plaintiff is not eligible for more than what defendant had already paid.

The trial court granted defendant's motion without holding a hearing. The trial court's order did not address defendant's arguments for summary disposition. Rather, the trial court, citing the suits filed by Soulaka and Allosh, dismissed plaintiff's case sua sponte because the complaint was filed in violation of MCR 1.109(D)(2)(a)(*i*) and (*ii*).[2] The trial court further found that the three claims for compensation made by plaintiff did not arise out of the same transaction or occurrence and were thus impermissibly joined in violation of MCR 2.207. Plaintiff filed a motion for reconsideration, which was denied, and this appeal followed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

"A trial court's decision to dismiss an action is reviewed for an abuse of discretion." *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007). "An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes." *Schafer v Kent County*, 515 Mich 1, 60 n 34; 29 NW3d 25 (2024). Questions concerning the interpretation and application of statutes, court rules, and rules of evidence are reviewed de novo. *Donkers*, 277 Mich at 369.

### B. THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING PLAINTIFF'S CASE AS SANCTION FOR COUNSEL'S ALLEGED VIOLATION OF MCR 1.109(D)(2)

The trial court did not expressly invoke a legal basis for the involuntary dismissal of plaintiff's case, citing only plaintiff's violation of MCR 1.109(D)(2). However, "where a court's

---

[1] As defendant notes, MCR 2.113(C)(2)(b) was moved to MCR 1.109(D)(2) in 2018. Plaintiff's counsel's declaration nonetheless cites MCR 2.113(C)(2)(b).

[2] Again, plaintiff's counsel erroneously refers to MCR 1.109(D)(2)(a) as MCR 2.113(C)(2)(b) in the complaint.

opinion does not invoke the proper court rule supporting its ruling, we may look to the substance of the holding to see which rule governs." *Williamstown Twp v Hudson*, 311 Mich App 276, 288; 874 NW2d 419 (2015). MCR 2.504(B)(1) permits a trial court to dismiss, sua sponte, a party's case as sanction for a violation of the court rules. Because the trial court dismissed plaintiff's case for failure to comply with a court rule, MCR 2.504(B)(1) governs.

"Dismissal is the harshest sanction that the court may impose on a plaintiff." *Donkers*, 277 at 369. Thus, "[b]efore imposing such a sanction, the trial court is required to evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). In *Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990), this Court formulated a nonexhaustive list of factors that should be considered when determining whether dismissal is an appropriate sanction:

> (1) whether the violation was willful or accidental;
>
> (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses);
>
> (3) the prejudice to the defendant;
>
> (4) actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice;
>
> (5) whether there exists a history of plaintiff's engaging in deliberate delay;
>
> (6) the degree of compliance by the plaintiff with other provisions of the court's order;
>
> (7) an attempt by the plaintiff to timely cure the defect; and
>
> (8) whether a lesser sanction would better serve the interests of justice.

The failure to evaluate other available options on the record before dismissing a case is an abuse of discretion. *Vicencio*, at 506-507.

The trial court did not hold a hearing before dismissing plaintiff's case, nor did the trial court explain in its order why dismissal was warranted under the circumstances. By failing to evaluate other available options on the record before dismissing plaintiff's case, the trial court abused its discretion. See *id.*

Further, plaintiff's conduct is not the sort of conduct that typically warrants dismissal. Conduct warranting dismissal includes "flagrant or wonton refusal to facilitate discovery that typically involves repeated violations of a court order," *Swan v Morse*, 332 Mich App 510, 518; 957 NW2d 396 (2020). For example, in *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg LLC*, 347 Mich App 280, 317-318; 14 NW3d 472 (2023), we affirmed the trial court's dismissal of plaintiff's case where the trial court found that the plaintiffs had engaged in "a historical pattern of gamesmanship and delay" that ultimately prejudiced the defendants. Similarly, in *Maldonado v Ford Motor Co*, 476 Mich 372, 376, 397; 719 NW2d 809 (2006), the Michigan Supreme Court likewise affirmed a trial court's decision to dismiss plaintiff's case where, despite an explicit warning by the trial court that dismissal would result if plaintiff's conduct continued, plaintiff

"repeatedly and intentionally publicized inadmissible evidence so as to taint the potential jury pool, deny defendants a fair trial, and frustrate the due administration of justice."

Plaintiff's conduct in this case was not comparable. Although plaintiff's citation to a version of the court rule that has not existed since 2018 may suggest a somewhat lax approach toward compliance with MCR 1.109(D)(2),[3] the record does not show that plaintiff's violation of that rule was either "flagrant" or "wonton." *Swan*, 332 Mich at 518. And, although the trial court identified two pending cases that should have been disclosed under MCR 1.109(D)(2), plaintiff's failure to disclose those cases when filing its complaint nonetheless constituted a single violation of the court rule and was therefore not the sort of repeated misconduct that warranted dismissal in *Tolas Oil* and *Maldonado*. Further still, of the two pending cases that the trial court states in its order should have been disclosed by plaintiff, only one of those cases was pending when plaintiff made the requisite affirmation under MCR 1.109(D)(2); the other case, as defendant acknowledges, was filed one day *after* plaintiff filed its complaint.[4]

Finally, we note that "actual prejudice to the defendant" is one of the factors non-exhaustively enumerated by this Court in *Dean*. Such prejudice contributed significantly to the analysis of the plaintiffs' impermissible conduct in both *Tolas Oil* and *Maldonado*.[5] But defendant does not appear to have been prejudiced by plaintiff's failure to comply with MCR 1.109(D)(2). As plaintiff points out, defendant must have been aware of the pending case, given that defendant was a named party to the suit. However, defendant at no point complained of prejudice in the 14 months this case was pending in the trial court, nor does defendant make any such complaint of prejudice now on appeal. Ultimately, even if the trial court were to have complied with its obligations under *Vicencio* to evaluate other options before dismissing plaintiff's case, we are not persuaded that the misconduct identified by the trial court would have warranted such a drastic measure.

## C. PLAINTIFF'S CLAIMS AGAINST DEFENDANT WERE NOT IMPROPERLY JOINED IN VIOLATION OF MCR 2.207

As for the plaintiff's alleged violation of MCR 2.207, we note first that MCR 2.207 does not obligate parties to do anything. Rather, MCR 2.207 obligates *trial courts* to join parties to a given suit "[w]hen the presence of persons other than the original parties to the action is required to grant complete relief . . . ." Therefore, plaintiff cannot have violated MCR 2.207 as alleged in the trial court's order.

---

[3] That laxity is perhaps also demonstrated by the fact that MCR 1.109(D)(2)(a)(*i*)—and its predecessor MCR 2.113(C)(2)(b)(a) for that matter—require signatories to affirm, as a matter of fact, that "[t]here *is* no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint." (Emphasis added). Plaintiff's counsel's affirmation, on the other hand, merely attests to his lack of *awareness* of any such pending civil action.

[4] We acknowledge that, although the trial court was incorrect about the specific cases pending, the trial court was nonetheless correct that two cases appear to have been pending when plaintiff filed its suit.

[5] *Maldonado* does not cite *Dean v Tucker*, 182 Mich App 27; 451 NW2d 571 (1990). Prejudice nonetheless features prominently in its analysis under *Gentile v State Bar of Nevada*, 501 US 1030; 111 S Ct 2720; 115 L Ed 2d 888 (1991).

Second, and perhaps more importantly, we note that MCR 2.207 pertains to the misjoinder and nonjoinder of *parties*, not *claims*. The trial court's order nonetheless concludes that, because plaintiff's *claims* against defendant "share no common claims and do not arise out of the same transaction or occurrence," they were impermissibly joined in violation of MCR 2.207. The court rule governing the compulsory joinder of claims is MCR 2.203(A), not MCR 2.207. But even if MCR 2.207 were to apply, the very first sentence of that court rule expressly provides that "[m]isjoinder of parties is not a ground for dismissal of an action." Despite that express prohibition, trial court's order impermissibly dismisses plaintiff's case for "violating MCR 1.109(D)(2)(a)(i + ii) *and MCR 2.207*." (Emphasis added.)

Regardless, by invoking the "transaction or occurrence" criterion of MCR 2.203(A) in the trial court's order, the trial court seems to have recognized that MCR 2.203(A) is the court rule that governs plaintiff's joinder of claims. Under MCR 2.203(A), "the pleader must join every claim that the pleader has against that opposing party at the time of serving the pleading, if it arises out of the transaction or occurrence that is the subject matter of the action." Plaintiff, by joining its three claims against defendant for an alleged failure to fully reimburse plaintiff, appears to have complied with MCR 2.203(A). But, even if plaintiff's claims were somehow improperly joined, the appropriate remedy is not to dismiss the misjoined claims, but rather to sever them and conduct separate trials. See MCR 2.207 ("A claim against a party may be severed and proceeded with separately.")

## D. ON REMAND

We decline to decide at this time whether summary disposition is appropriate as to plaintiff's claims against defendant for allegedly inadequate reimbursement. Therefore, we remand for the trial court to consider those claims in the first instance, particularly in light of our recent decision in *Favot v Brown*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket Nos. 368733; 368734).

## III. CONCLUSION

The trial court order dismissing plaintiff's case is vacated and we remand this case to decide defendant's motion for summary disposition in the first instance. We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Riordan
/s/ Adrienne N. Young

-5-